UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JORGE A.L. OROZCO,<br><br>     Plaintiff,<br><br>v.<br><br>WARDEN RANDY VALLEY, CENTURION MEDICAL, ISCC HSA HOWARD, and OFF-SITE SURGEON,<br><br>     Defendants. | Case No. 1:24-cv-00166-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

  The Complaint of Plaintiff Jorge Orozco, who is in custody of the Idaho Department of Correction (IDOC), was conditionally filed by the Clerk of Court. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. Upon screening under 28 U.S.C. § 1915A (applicable to fee-paid prisoner cases), the Court must dismiss claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  Having reviewed Plaintiff's filings, the Court has determined that more information is needed about Plaintiff's health care to complete screening. Therefore, the Court will order Defendant Centurion Health Services Administrator (HSA) Howard to file a *Martinez* report.

# REVIEW OF COMPLAINT

1. **Standard of Law for Review of Complaint**

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a § 1983 Eighth Amendment claim, a plaintiff must allege facts meeting both an objective standard (the deprivation "was harmful enough" to constitute cruel and unusual punishment) and a subjective standard (deliberate indifference). *Hudson v. McMillian*, 503 U.S. 1, 5, 8 (1992). As to the objective factor, the medical need must be "serious." *Id*. at 9.

As to the subjective factor, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Stated another way, deliberate indifference exists when an "official knows of and disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Medical negligence or malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Rather, a constitutional tort requires the plaintiff show subjective deliberate indifference by bringing forward facts demonstrating that the defendant acted deliberately, intentionally, or so recklessly that the conduct can be equated with a desire to inflict harm. *See Farmer*, 511 U.S. 835-38. Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327 (1986).

2. **Facts Alleged**

Plaintiff asserts that, between 2019 and 2023, Defendants failed to treat his serious eye condition, resulting in pain and impaired vision. He asserts that the prison medical contractor, Centurion, refused to provide him with eye surgery for years. When Plaintiff was finally provided with surgery in August 2023, he asserts that Centurion "used a sub-par, cut-rate surgeon, in an attempt to 'save costs' (custom and/or policy), and this surgeon botched my eye surgery." Dkt. 1 at 5. After the surgery, Plaintiff suffered an additional 25% loss of his eyesight, which now makes him 55% blind in his left eye. *Id*. at 16. He also asserts that the pain in his left eye and head have increased by 200%. Plaintiff asserts that Centurion and prison officials have refused to disclose the identity of the surgeon to him.

3. **Discussion**

It does not appear that Warden Randy Valley had anything to do with the medical decisionmaking for Plaintiff. The only allegations are that prison officials route medical grievances to the medical unit instead of reviewing the grievances themselves. This practice does not show a causal connection to the injury or indicate the warden's personal participation in the alleged violation to permit Plaintiff to proceed on any individual capacity claims. However, Plaintiff requests prospective injunctive relief, and, therefore, he may be able to proceed against Valley in his official capacity only. The Court will revisit this issue after it has reviewed the *Martinez* report.

It is unclear what facts underlie Plaintiff's claim that Centurion "used a sub-par, cut-rate surgeon." To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe*

*v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

The simplest way to obtain more information about the medical care, policies, and s surgeon selection known only to Centurion and its employees or contractors is to order Centurion employee HSA Howard to provide a *Martinez* report, limited to the time frame beginning two years and one month[1] before the filing of the Complaint on March 28, 2024.[2] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a determination under § 1915(a). *Id*. at 319. The Ninth Circuit approved of the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

All relevant exhibits addressing these issues should be attached to the report. The *Martinez* report must be filed within 90 days. Plaintiff may file a response to the *Martinez*

---

[1] The statute of limitations is tolled while the inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act (PLRA). *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). The IDOC grievance process takes approximately 30 days.

[2] Plaintiff appears to have a statute of limitations problem with claims that accrued more than two years before the date he filed suit. The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219, providing for a two-year statute of limitations for personal injuries, governs federal civil rights actions arising in Idaho.

Under the "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

report within 30 days after receiving it. Thereafter, the Court will issue a successive review order determining whether Plaintiff has stated a claim under the Eighth Amendment as to his medical conditions, or whether his claims are in the nature of medical malpractice, which is a non-actionable cause of action under § 1983.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall provide an electronic copy of this Order and the Complaint (Dkt. 3) to: Aynsley Harrow Mull, Associate General Counsel for Centurion, at Ms. Mull's email address on file with the Court, on behalf of Defendant HSA Howard.

2. Within **90 days** after entry of this Order, Defendant HSA Howard, a current or former employee of Centurion, shall make a limited special appearance and provide the following to Plaintiff and the Court in the form of a *Martinez* report: (1) a copy of Plaintiff's relevant medical/optometry eye care records from February 2021 to date; (2) a copy of any of Plaintiff's grievances and grievance appeals regarding his eye care and surgery that were not attached to the Complaint; (3) a short statement on the current status of Plaintiff's condition, including information regarding the most recent date he was seen by a medical provider, what treatment he received, and whether his condition has been resolved (or if not, what treatment is planned in the future, if any, to try to resolve the conditions); (4) the identity of the surgeon and whether any recent disciplinary actions against the surgeon existed or licensing issues were known before selection of that provider; (5) reasons for the length of wait before surgery; (6) any information about whether the decisionmaking about

Plaintiff's eyecare was dictated or circumscribed by Centurion or IDOC policies; (7) whether the surgeon had a contract with Centurion to provide surgery to IDOC prisoners for purposes of state actor analysis.

3. Within **30 days** after the filing of the *Martinez* report, Plaintiff may file a response to the Report.

4. Nothing further shall be filed in this case until after the Court issues a successive review order.

DATED: August 28, 2024

David C. Nye  
Chief U.S. District Court Judge